IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                    CASE NO. 4:18-cv-436-RH-GRJ

DR. A. CORTES,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Florida Department of Corrections at Liberty Correctional Institution, initiated this case by filing a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. ECF Nos. 1 & 2. In this lawsuit, Plaintiff names a single defendant, "Dr. A. Cortes," and alleges that Dr. Cortes has failed to effectively treat his chronic medical problems, which include lower back pain, itching all over his body, "sand" in his eyes, heartburn and sinus problems. ECF No. 1 at 10. Plaintiff also appears to allege he is being refused his blood pressure medication, although it is unclear whether Plaintiff is speaking hypothetically or referring specifically to himself. *Id.* at 12.

1

The Complaint is deficient because Plaintiff did not pay the $400.00 filing fee, nor did he file a properly completed motion for leave to proceed as a pauper. Moreover, Plaintiff's claims, construed liberally, fail to state a claim for medical deliberate indifference. The Court will not require Plaintiff to correct these deficiencies. This case is due to be dismissed because Plaintiff has failed to disclose and truthfully describe previous lawsuits and because he is barred from proceeding as a pauper pursuant to the three-strikes bar under 28 U.S.C. § 1915(g).

A cursory initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A reveals that Plaintiff executed the civil rights complaint form under penalty of perjury. ECF No. 1 at 12. The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4. Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of [their] incarceration (including habeas corpus petitions) or the conditions of [their] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id.* Further,

prisoners must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*

In response, Plaintiff represented that he had not filed any prior lawsuits relating to the fact or manner of his incarceration or the conditions of his confinement. *Id.* at 4. But a review of the Court's PACER Case Locator reflects that Plaintiff has filed several other actions in federal district court relating to the fact or manner of his incarceration and the conditions of his confinement. *See Parker v. Hallmark*, 3:96-cv-135-LC (N.D. Fla. Mar. 5, 1997) (dismissing § 1983 action without prejudice for failure to comply with an order of the court and to prosecute)*; Parker v. Singletary*, 4:98-cv-69-WS (N.D. Fla. July 23, 1998) (adopting report and recommendation recommending dismissal of § 1983 action pursuant to § 1915(e)(2)(B)(ii)); *Parker v. Crosby*, 3:04-cv-319-RV-MD (N.D. Fla. April 28, 2005) (adopting report and recommendation recommending denial of habeas corpus petition); *Parker v. Crosby*, 3:05-cv-243-MCR-MD (N.D. Fla. May 24, 2006) (adopting report and recommendation recommending dismissal of habeas corpus petition as untimely); *Parker v. Mills*, 4:06-cv-82-MP-AK (N.D. Fla. Dec. 29, 2006) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim and for failure to exhaust administrative remedies); *Parker v. Singletary*, 1:09-cv-29-GRJ

(N.D. Fla. Sept. 11, 2012) (jury verdict in favor of Defendant on Plaintiff's excessive force claim under § 1983); *Parker v. Buss*, 3:10-cv-424-MCR-EMT (N.D. Fla. July 20, 2011) (adopting report and recommendation recommending dismissal of habeas corpus action for lack of jurisdiction); and *Parker v. Cent. Dep't of Corr.*, 4:13-cv-519-MW-CAS (N.D. Fla. May 27, 2014) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)).

Plaintiff further represented that he did have actions dismissed as frivolous, malicious, failing to state a claim, or prior to service but did not identify those cases. ECF No. 1 at 4. Instead, he attached a copy of the docket sheet in an appeal he filed in the Eleventh Circuit Court of Appeals in *Parker v. Singletary*, Case No. 12-16260.

A review of the Court's PACER Case Locator reflects that at least three of Plaintiff's prior actions were dismissed prior to service for failure to state a claim. *See Parker v. Singletary*, 4:98-cv-069-WS (N.D. Fla. July 23, 1998) (adopting report and recommendation recommending dismissal of § 1983 action pursuant to § 1915(e)(2)(B)(ii)); *Parker v. Mills*, 4:06-cv-82-MP-AK (N.D. Fla. Dec. 29, 2006) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim and for failure to exhaust administrative remedies); and *Parker v. Cent. Dep't of*

4

*Corr.*, 4:13-cv-519-MW-CAS (N.D. Fla. May 27, 2014) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)). Plaintiff was not candid in revealing his prior lawsuits.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Eleventh Circuit determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009)

6

("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it."). Plaintiff's failure to disclose his prior lawsuits warrants dismissal.

In addition to dismissal for abuse of the judicial process, Plaintiff is subject to the three-strikes bar because, as previously mentioned, he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Parker v. Singletary*, 4:98-cv-069-WS (N.D. Fla. July 23, 1998) (adopting report and recommendation recommending dismissal of § 1983 action pursuant to § 1915(e)(2)(B)(ii)); (2) *Parker v. Mills*, 4:06-cv-82-MP-AK (N.D. Fla. Dec. 29, 2006) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim and for failure to exhaust administrative remedies); and (3) *Parker v. Cent. Dep't of Corr.*, 4:13-cv-519-MW-CAS (N.D. Fla. May 27, 2014) (adopting report and recommendation recommending dismissal of § 1983 action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)). This Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case: 202042. Plaintiff is therefore barred from proceeding as a pauper

7

in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available

only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff does not specifically allege he is under imminent danger of serious physical injury nor do the facts asserted in his Complaint support such a finding. A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

For these reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 30th day of October 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations**

9

**as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**